UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| BONNIE KRAMER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 1:24-cv-87 |
| | : |
| PEPPER PIKE PROPERTIES LIMITED PARTNERSHIP | : |
| A Domestic Limited Partnership | : |
| | : |
| Defendant. | |

# **COMPLAINT**

Plaintiff, Bonnie Kramer (hereinafter "Plaintiff"), hereby sues the Defendant, Pepper Pike Properties Limited Partnership, a Domestic Limited Partnership (hereinafter "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA") and Ohio Code. In support thereof, Plaintiff states:

1. This action is brought by Bonnie Kramer pursuant to the enforcement provision of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12188(a) against the owners and/or operators of the Geraci's restaurant.

2. This Court has jurisdiction pursuant to the following statutes:

    a. 28 U.S.C. §1331, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. See also 28 U.S.C. §2201 and §2202.

  b. 28 U.S.C. §1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; and

  c. 28 U.S.C. §1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government.

3. Venue is proper in this judicial district and division. Defendant does business in the State of Ohio, and all of the acts of discrimination alleged herein occurred in this judicial district and division.

## PARTIES

4. Plaintiff Bonnie Kramer is a resident of Cleveland, Cuyahoga County, Ohio, suffers from multiple sclerosis, uses a wheelchair, utilizes a service animal, and is an individual with a disability within the meaning of ADA, 42 U.S.C. 12102(2), 28 C.F.R. 36.1047.

5. Plaintiff Bonnie Kramer is substantially limited in performing one or more major life activities, including but not limited to, walking and standing.

6. Plaintiff Bonnie Kramer resides in close proximity to the property in question, and frequently visits such property.

7. Plaintiff Bonnie Kramer, on several occasions, has been to the Geraci's restaurant, located at 29425 Chagrin Blvd, Pepper Pike, OH.

8. The Geraci's restaurant is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. 12181, 28 C.F.R. 36.104.

9. Defendant owns, leases, leases to, or operates the Geraci's restaurant, and is responsible for complying with the obligations of the ADA.

## COUNT I

## VIOLATION OF THE ADA

10. Plaintiff realleges paragraphs one (1) through nine (9) of this Complaint and incorporates them here as if set forth in full.

11. Plaintiff was a patron at the Geraci's restaurant on or about June 15, 2023.

12. Plaintiff plans to return the property in February 2024 to avail herself of the goods and services offered to the public at the property but for the barriers in existence that deter her from doing so.

13. There are numerous architectural barriers present at the Geraci's restaurant that prevent and/or restrict access by Plaintiff, in that several features, elements, and spaces of the Geraci's restaurant are not accessible to or usable by Plaintiff, as specified in 28 C.F.R 36.406 and the Standards for Accessible Design, 28 C.F.R., Pt. 36, Appendix A ('the Standards").

14. Plaintiff, upon visiting the property, personally suffered discrimination because of his disability.

15. There are several elements and spaces that Plaintiff personally encountered and which discriminated against her based upon him disability, such as:

    a. The designated accessible parking spaces is severely slope and creates a dangerous condition for a disabled individual.

    b. The designated access aisle leads to a curb ramp and is inaccessible to a disabled individual in a wheelchair.

    c. The signage indicating where the accessible parking is located is incorrectly configured.

  d. There is an excessively high change in level at the ramp that creates a dangerous condition for a disabled individual in a wheelchair.

  e. The ramp leading to the entrance is in disrepair and creates a dangerous condition for a disabled individual in a wheelchair.

  f. There is an excessively high threshold at the entrance door that creates a dangerous condition for a disabled individual in a wheelchair.

  g. There is no lowered section at the bar in Geraci's for a disabled individual to utilize.

  h. There are no accessible tables in the bar area of Geraci's for a disabled individual to utilize.

  i. There is no access to the windowed section of the dining area due to stairs.

  j. The counter is the dining room is too high for a disabled individual in a wheelchair to reach.

  k. The women's restroom at Geraci's has the following violations:

   - There are no grab bars.

   - The coat hook is located to high to reach.

   - There is no insulation around the pipes so that a disabled individual in a wheelchair can get burned.

   - The paper towel dispenser is located too high for an individual in a wheelchair to reach.

   - The stall door swings inward and impedes the clear floor space for a disabled individual in a wheelchair.

- There is insufficient maneuvering space in the restroom stall for a disabled individual to utilize.

16. The discriminatory violations described in paragraph 15 of this Complaint are not an exclusive list of the Defendants' ADA violations. The Plaintiff has been denied access to, and has been denied the benefits of, services, programs and activities of the Defendants' buildings and facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.

17. The Plaintiff will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, the opportunity to use such elements, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.

18. Plaintiff has standing to sue for every barrier to access for the mobility-impaired that exists on the subject premises. Bonnie Kramer has standing to require that all barriers to access on the property for the mobility-impaired are corrected, not merely only those Bonnie Kramer personally encountered.

19. Defendants' failure to remove the architectural barriers identified in paragraph fifteen (15) constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188 (b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

20. It would be readily achievable for the Defendant to remove the architectural barriers identified above.

21. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

22. The Defendant has discriminated against Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. and 28 CFR 36.302 et seq

23. Defendant continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

24. Bonnie Kramer has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described, but not necessarily limited to, the allegations in paragraph 15 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violations of the ADA by the Defendants.

25. Plaintiff is aware that it will be a futile gesture to re-visit the property until it becomes compliant with the ADA.

26. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

27. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

28. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make the property readily accessible and useable to the Plaintiff as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

29. Because Defendant has engaged in the acts and practices described above, Defendant has violated the law as alleged in this Complaint and unless restrained by this Honorable Court, Defendant will continue to violate the Constitution and laws of the United States of America, and will cause injury, loss and damage to the Plaintiff, and all others so similarly situated.

## COUNT II - VIOLATION OF OHIO CODE

30. Plaintiff realleges paragraphs one (1) through twenty-nine (29) as if fully set forth hereunder.

31. Defendant's property is a place of public accommodation as that term is defined by Ohio Code Section 4112.01(A)(9).

32. Defendant committed an unlawful act pursuant to Ohio Code Section 4112.02(G) by denying Plaintiff full enjoyment of the accommodations, advantages, facilities or privileges of its place of public accommodation.

33. Pursuant to Ohio Code 4112.99, Plaintiff is entitled to compensatory damages and attorney fees and costs, in an amount to be determined at the time of trial, but in any event no less than $25,000.00, as well as the issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges and advantages to disabled persons.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

    A.    Declare that Defendant has violated title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq, 28 C.F.R. pt. 36 and Ohio Code Section 4112.02:

        i.    by failing to bring the Geraci's restaurant into compliance with the Standards where it is readily achievable to do so; and

        ii.    by failing to take other readily achievable measures to remove architectural barriers to access when it is not readily achievable to comply fully with the Standards.

    B.    Order Defendant:

        i.    to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

        ii.    to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

    C.    Award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205 and Ohio Code 4112.99;

    D.    Order such other appropriate relief as the interests of justice may require.

Respectfully Submitted,

By: /s/ Pete M. Monismith
Pete M. Monismith, Esq.
3945 Forbes Ave., #175
Pittsburgh, PA 15213
Ph: 724-610-1881
Fax: 412-258-1309
Pete@monismithlaw.com
PA Bar 84746